UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS

_____
                                    )
**UNITED STATES of AMERICA,**       )
                                    )
    v.              )
                                    )   **Criminal No.**
**HENRY GUTIERREZ,**                )   **06-40043-FDS**
                                    )
    Defendant.      )
_____ )


## MEMORANDUM AND ORDER ON PETITIONER'S
## MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

**SAYLOR, J.**

This is a motion to vacate, set aside, or correct a sentence by a person in federal custody pursuant to 28 U.S.C. § 2255. Petitioner Henry Gutierrez seeks to vacate his sentence on four grounds. Specifically, he alleges that he received ineffective assistance of counsel in violation of his Sixth Amendment rights; that the Court improperly imposed a mandatory guideline sentence; that his prior convictions were not proved through a "fair trial"; and that it is in both his and the Court's "best interests" to vacate his sentence. For the reasons set forth below, the motion will be denied.

**I.    Background**

On April 30, 2010, Henry Gutierrez pleaded guilty to (1) one count of conspiracy to distribute, and to possess with intent to distribute, cocaine base and (2) two counts of distribution of cocaine base. On November 29, 2010, before the sentencing, this Court denied motions by Gutierrez to withdraw his guilty plea and to appoint new counsel. On December 1, 2010, his attorney filed a motion to withdraw as counsel. After a hearing on December 3, 2010, Gutierrez

and his attorney agreed that the motion to withdraw should be withdrawn. On December 17, 2010, the Court sentenced Gutierrez to a term of incarceration of 188 months and 10 years of supervised release.

With the assistance of new counsel, Gutierrez filed an appeal of his sentence, raising four claims: (1) that the Court imposed a sentence to ensure that he received medical treatment in violation of the holding in *Tapia v. United States*, 131 S. Ct. 2382 (2011); (2) that the Court abused its discretion by imposing a substantially unreasonable prison sentence despite his mental illness; (3) that his criminal history points were miscalculated; and (4) that the Court erred by refusing to grant a variance based on his role in the charged crime, his diminished mental capacity, and the disparity between his sentence and his co-defendants' sentences. On April 9, 2012, the First Circuit affirmed the sentence. Gutierrez did not file a petition for a writ of certiorari to the United States Supreme Court.

On July 1, 2013, Gutierrez, acting *pro se*, filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The petition alleges four grounds for relief. First, he alleges a "[v]iolation of Constitutional law by means of not providing [him] with [e]ffective [c]ounsel." (Def. Mot. to Vacate at 5). Second, he contends that this Court improperly imposed a mandatory sentence in violation of *United States v. Booker*, 543 U.S. 220 (2005). Third, he alleges that he was improperly denied a fair trial to prove his prior convictions. Fourth, he argues that it is in both his best interest and the Court's best interest to vacate his sentence.

## II. Analysis

Congress enacted 28 U.S.C. § 2255 "as a substitute for the traditional habeas remedy with respect to federal prisoners." *Ramos-Martinez v. United States,* 638 F.3d 315, 320 (1st Cir.

2011) (quoting *Trenkler v. United States,* 536 F.3d 85, 96 (1st Cir. 2008)).  A court may grant a petitioner relief only on the grounds that the sentence "(1) was imposed in violation of the Constitution, (2) was imposed by a court that lacked jurisdiction, (3) exceeded the statutory maximum, or (4) was otherwise subject to collateral attack."  *David v. United States*, 134 F.3d 470, 474 (1st Cir. 1998).  The petitioner bears the burden of establishing that he is entitled to relief under § 2255.  *Id.*

A. **Whether Petitioner's Claims Are Procedurally Defaulted**

As a threshold matter, collateral relief in a § 2255 proceeding is generally unavailable if a petitioner has procedurally defaulted his claim by failing to raise it at trial or on direct appeal.  *Berthoff v. United States*, 308 F.3d 124, 127-28 (1st Cir. 2002) (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)).  A petitioner can avoid this bar if he can show "(1) 'cause' excusing his double procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains," or if he can show actual innocence.  *United States v. Frady*, 456 U.S. 152, 168 (1982); *see also Bousley*, 523 U.S. at 622.

While petitioner here did raise arguments concerning his sentencing on direct appeal, those arguments are distinct from the ones he raises here.  He did not raise claims of ineffective assistance of counsel or of "best interests" on direct appeal.   Moreover, he has not alleged cause for his default, resulting prejudice, or actual innocence.  Accordingly, his claims are subject to denial on the basis of procedural default.

In any event, as detailed below, his claims also lack merit.

**B.      Whether Petitioner Received Ineffective Assistance of Counsel**

Petitioner first contends that his counsel was ineffective. In order to establish a claim of ineffective assistance of counsel, a petitioner must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The essence of an ineffective-assistance claim is that "counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect." *United States v. De La Cruz*, 514 F.3d 121, 140 (1st Cir. 2008) (internal citations omitted). The Constitution does not guarantee to any defendant a perfect defense or a successful defense. *See Moreno-Espada v. United States*, 666 F.3d 60, 65 (1st Cir. 2012). Rather, "the performance standard is that of reasonably effective assistance under the circumstances." *United States v. Natanel*, 938 F.2d 302, 309-10 (1st Cir. 1991).

To succeed on an claim of ineffective assistance of counsel, a petitioner must show both deficient performance by counsel and resulting prejudice. *Peralta v. United States*, 597 F.3d 74, 79 (1st Cir. 2010) (citing *Strickland*, 466 U.S. at 687). An insufficient showing on either prong will defeat the claim. *See, e.g.*, *Malone v. Clarke*, 536 F.3d 54, 64 (1st Cir. 2008). To show deficient performance, a petitioner must demonstrate that counsel's performance fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 687-88. Counsel's performance is to be evaluated "from counsel's perspective at the time of the alleged error and in light of all the circumstances." *Kimmelman v. Morrison*, 477 U.S. 365, 374 (1986). A court making this evaluation "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. To establish resulting

4

prejudice, a petitioner must show that but for counsel's error, there is a reasonable probability that the result of the proceeding would have been different. *Id*. at 694. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id*. at 692.

"Where a conviction is based on a guilty plea, it may be attacked on collateral review only in 'strictly limited' circumstances." *Fenton v. United States*, 914 F. Supp. 2d 79, 81 (D. Mass. 2012) (quoting *Bousley*, 523 U.S. at 621). Generally, when a petitioner who has been advised by competent counsel enters a plea that is both voluntary and knowing, he is foreclosed from challenging the validity of the conviction on collateral attack. *Bousley*, 523 U.S. at 621; *see also United States v. Broce*, 488 U.S. 563, 569 (1989).

As an initial matter, there is little, if any, evidence in the record that counsel was deficient. During the course of the proceedings, both petitioner and his counsel moved for new counsel to be appointed, and the Court questioned both petitioner and counsel as to the bases for the motions. The Court determined that there was no evidence that counsel was not and had not been providing effective assistance, or that the relationship between petitioner and counsel had irretrievably broken down so as to prevent adequate representation, and accordingly, denied the motions. Ultimately, during the Rule 11 proceedings, petitioner expressed satisfaction with the representation provided by trial counsel. (Dkt. No. 150, Rule 11 Hr'g Tr. at 8).

Petitioner here makes two primary arguments as to his claim of ineffective assistance of counsel.[1] First, he contends that counsel advised him, prior to pleading guilty, that the maximum

---

[1] The government notes that petitioner might have raised a third argument: that his appellate counsel was ineffective for failing to file a petition for certiorari in the Supreme Court after the First Circuit affirmed his conviction. However, there is no right to appellate counsel to seek discretionary relief, and therefore no constitutional violation for the alleged failure to file a such a petition here. *See Ross v. Moffitt*, 417 U.S. 600, 615,

sentence that he could receive with a guilty plea was 151 months and that the prosecution would not charge him as a "career criminal." (Pet. Mem. at 2-3). He then states that, after pleading guilty in April 2010, counsel then advised him that the court may sentence him up to 210 months in prison. (*Id.* at 3). He contends that, but for the earlier legal advice, he would have not pleaded guilty. (*Id.*)

As to petitioner's first argument, in the Rule 11 hearing before this Court, petitioner acknowledged under oath his understanding of the consequences of his guilty plea. He acknowledged that each of his separate charges could result in a term of imprisonment between ten years and life. (Rule 11 Hr'g Tr., at 11). He responded affirmatively when the Court specifically questioned whether he understood that he could be sentenced to a period of incarceration of up to life. (*Id.* at 12). He acknowledged that he and his counsel had discussed the United States Sentencing Guidelines and how the guidelines might apply in his case. (*Id.* at 14). He indicated that he understood that the Court could depart from the guideline sentence or impose a non-guideline sentence. And he acknowledged that he could not withdraw his guilty plea if he was unhappy with his sentence or because it was different from what he expected or what his attorney might have predicted. (*Id.* at 16).

Thus, even assuming that at some point counsel had erroneously advised petitioner that he faced a maximum sentence of 151 months, by the time he pleaded guilty, he acknowledged that he was aware of the maximum sentence, the applicable sentencing range, and the Court's capacity to depart from the guidelines and impose a variant sentence. He expressed no surprise

---

617-18 (1974); *Steele v. United States*, 518 F.3d 986, 988 (8th Cir. 2008) ("Due process does *not*, however, guarantee a constitutional right to counsel for a litigant seeking to file a certiorari petition in the United States Supreme Court."). Petitioner, moreover, has failed to allege any resulting prejudice. Accordingly, to the extent that petitioner argues ineffective assistance of appellate counsel, that claim is without merit.

and raised no questions during the colloquy. And he made no effort to withdraw his plea before sentencing, after counsel allegedly advised him that the Court could sentence him to 210 months. That is not sufficient, under the circumstances, to demonstrate deficient performance or resulting prejudice.

Next, petitioner alleges ineffective assistance of counsel due to a continued "conflict of interest." In this context, conflict of interest presumably means a situation in where counsel is looking out for his own interest, rather than that of the client, or possible representing two parties with conflicting legal interests. *See Mickens v. Taylor*, 535 U.S. 162, 170-71 (2002). Petitioner fails to allege any facts that suggest that counsel, while representing him, had such divided loyalties or otherwise had a conflicting legal interest.[2]

Finally, petitioner has failed to set forth the facts underlying his ineffective-assistance claim under oath, in a verified petition or supporting affidavits. That failure provides an additional basis for denial of the petition. 28 U.S.C. § 2255; *United States v. LaBonte*, 70 F.3d 1396, 1413 (1st Cir. 1995), *rev'd on other grounds*, 520 U.S. 751 (1997).

In sum, petitioner has not demonstrated ineffective assistance of counsel, and the claim does not warrant relief under § 2255.

C.     **Whether the Court Properly Considered the Sentencing Guidelines**

Petitioner next alleges that this Court improperly imposed a mandatory sentence in violation of *United States v. Booker*, 543 U.S. 220 (2005). Specifically, he requests that this Court "a[c]knowledge the *Booker* [*v.*] *United States of America* . . . [and acknowledge] the Fair [S]entencing [A]ct and that the guidelines are subject to the [Court's] discretion . . . [and are not]

---

[2] Of course, petitioner's trial counsel could not represent him in connection with any claim of ineffective assistance, but petitioner had new counsel on appeal and is proceeding *pro se* here.

mandatory." In *Booker*, the Supreme Court held that "any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty . . . must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Booker*, 543 U.S. at 244. The Court also held that the Sentencing Guidelines were not mandatory, but advisory. Sentencing courts must consider the guideline ranges, but may "tailor the sentence in light of other statutory concerns." *Id.* at 245.

Petitioner appears to be asserting that the Court applied a mandatory, rather than a discretionary, sentence under the Sentencing Guidelines in violation of *Booker*. However, the Court neither suggested that the guidelines were mandatory, nor acted under the assumption that the guidelines were mandatory. Rather, the Court considered the guidelines and petitioner's sentence in light of statutory concerns. Specifically, the Court balanced petitioner's reduced culpability because of his history of mental illness against petitioner's extensive and violent criminal record, which included multiple disciplinary violations while incarcerated.

The Court considered 18 U.S.C. § 3553 and its factors when it imposed petitioner's sentence. *See* 18 U.S.C. § 3553(a). Ultimately, the Court concluded that petitioner's "demonstrated inability to conform his conduct to the law . . . [and difficulty securing] appropriate treatment outside of the highly structured environment of prison" required a significant prison sentence. (Sentencing Tr., at 70). Further, the Court determined that prison "will protect the public and . . . promote respect for the law." (*Id.*). The Court carefully considered petitioner's requests for a downward departure in his sentence because of his mental state and his limited role as a participant in the crime charged. (*Id.* at 9-10). However, the Court determined that reducing petitioner's sentence was inappropriate because of petitioner's

extensive and violent criminal history. (*Id.* at 75). Ultimately, the Court "considered whether other nonguideline dispositions [were] appropriate and [found] that a guideline term of incarceration [was] appropriate." (*Id.* at 76).

Furthermore, although petitioner seems to allege otherwise, the Court considered the Fair Sentencing Act and its application during petitioner's sentencing hearing. (*See id.* at 7). In fact, the Court held that Fair Sentencing Act of 2010 applied to petitioner's sentence because the Court sentenced petitioner after the Act was passed, and the Court therefore found that the maximum penalty for petitioner had been reduced from life to forty years. (*Id.* at 8, 11). Accordingly, petitioner's argument that this Court failed to consider *Booker* and the Fair Sentencing Act is without foundation.

### D. Whether Petitioner's Prior Convictions Must Be Proved at a Trial

Petitioner next contends that he was improperly denied a "fair trial" to prove his prior convictions. However, sentencing enhancements "may be grounded on prior criminal convictions neither separately charged nor [proved] to a jury." *United States v. Richards*, 456 F.3d 260, 262 (1st Cir. 2006) (citing *Almendarez-Torres v. United States*, 523 U.S. 224, 226-27 (1998)); *see also Alleyne v. United States*, 133 S.Ct. 2151, 2160 n.1 (noting that the Supreme Court recognized in *Almendarez-Torres* that prior convictions constitute a narrow exception to the rule that facts which increase the range of penalties for criminal defendants constitute elements of a crime). Thus, the Court properly considered petitioner's prior convictions as sentencing factors without those convictions having been proved to a jury.

Embedded within this argument, petitioner alleges several, seemingly separate grounds to vacate his sentence under 28 U.S.C. § 2255. He contends that he seeks "relief from [t]he

9

Government Intrapment [sic] and [p]rejudice" as well as relief from the Assistant U.S. Attorney's "maliciuse Procecution [sic] and judicial misconduct by the sentencing [judge]."

It is well-established that a petitioner's motion under "§ 2255 may be denied . . . as to those allegations . . . which need not be accepted as true because they state conclusions instead of facts, contradict the record, or are 'inherently incredible.'" *United States v. McGill*, 11 F.3d 223, 226 (1st Cir. 1993) (quoting *Shraiar v. United States*, 736 F.2d 817, 818 (1st Cir. 1984)). Indeed, petitioner attempted to disguise each of those conclusions as facts supporting his claim that the Court erred in failing to prove his convictions in a jury trial. He also did not provide any additional facts to support those conclusory allegations. In any event, the allegations appear to be entirely without merit.[3]

### E. Whether It Is in the Best Interests of the Petitioner and the Court to Vacate Petitioner's Sentence

Finally, petitioner argues that it is in the "best interests" of both the petitioner and the Court to vacate his sentence. However, as discussed above, this Court may only vacate a sentence pursuant to 28 U.S.C. § 2255 in limited, enumerated circumstances: (1) when the court sentenced the prisoner in violation of the Constitution or laws of the United States; (2) when the court lacked jurisdiction to impose the prisoner's sentence; (3) when the sentence exceeded the maximum sentence authorized by law; or (4) when the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. Petitioner has not asserted a claim under any of the enumerated grounds.

---

[3] Petitioner also makes a passing reference to the performance of counsel. To the extent that petitioner is reiterating his claim of ineffective counsel, this Court has previously determined that claim is without merit.

## III. Conclusion

For the foregoing reasons, petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is DENIED.

**So Ordered.**

Dated: October 8, 2014

/s/ F. Dennis Saylor  
F. Dennis Saylor IV  
United States District Judge