# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> ) <br> v. ) <br> ) <br> HENRY GUTIERREZ, ) <br> ) <br> Defendant. ) | Criminal No. <br> 06-40043-FDS-2 |

## ORDER ON MOTION FOR REDUCTION IN SENTENCE
## PURSUANT TO THE FIRST STEP ACT OF 2018

**SAYLOR, C.J.**

This is a *pro se* motion for reduction of a criminal sentence and appointment of counsel pursuant to the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. In April 2010, defendant Henry Gutierrez pleaded guilty to one count of conspiracy to distribute and to possess with intent to distribute cocaine base in violation of 21 U.S.C. §§ 846 and 841(a)(1) and two counts of distribution of cocaine base and aiding and abetting in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1). The criminal charges were based on two instances in 2006 in which Gutierrez distributed cocaine base in the amount of 61.3 and 62 grams. (Transcript of Rule 11 Hearing at 21-22). He was sentenced to a term of imprisonment of 188 months, at the low end of the applicable Sentencing Guidelines range of 188 to 235 months, to be followed by 10 years of supervised release.[1] He has filed a motion seeking a reduction of his criminal sentence under the

---

[1] The Court determined that Gutierrez was subject to a mandatory minimum term of 5 years and a maximum term of 40 years pursuant to 21 U.S.C. § 841(b)(1)(B)(iii), based on his convictions for distribution and possession with intent to distribute over 28 grams of cocaine base. The Court further determined that he was a career offender. Because the statutory maximum sentence was 40 years, the Sentencing Guidelines offense level was 34. An additional reduction of 3 levels for acceptance of responsibility yielded an offense level score of 31,

First Step Act of 2018 and requesting that this Court appoint counsel to assist him. For the reasons set forth below, he is not eligible for relief, and the motion will therefore be denied.

Section 404 of the First Step Act of 2018 made the sentencing changes of the Fair Sentencing Act of 2010 retroactive. It provides that "a court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." First Step Act of 2018 § 404(b), Pub. L. No. 115-391, 132 Stat. 5194. A "covered offense" is a "violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010, that was committed before August 3, 2010." Section 2 of the Fair Sentencing Act of 2010 raised the amount of cocaine base necessary to trigger the enhanced penalties of 21 U.S.C. § 841(b)(1)(A) from 50 grams to 280 grams, and raised the amount of cocaine base necessary to trigger the enhanced penalties of 21 U.S.C. § 841(b)(1)(B) from 5 grams to 28 grams. Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372. Section 3 eliminated the mandatory minimum sentence for simple possession of a controlled substance under 21 U.S.C. § 844(a). *Id.* A court cannot entertain a motion for relief under § 404 of the First Step Act if the sentence was previously imposed in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act. First Step Act §404(c).

Defendant is not eligible for relief under § 404 of the First Step Act because his original sentence was imposed in accordance with the revised penalties of the Fair Sentencing Act. First Step Act §404(c). At the sentencing, which took place on December 17, 2010, the Court applied the Fair Sentencing Act of 2010, which had been enacted between the dates of defendant's guilty

---

which, when coupled with a criminal history category of VI, yielded the sentencing range of 188 to 235 months. (Transcript of Sentencing at 11, 36).

2

plea and sentencing. (Transcript of Sentencing at 9). The Court determined that he should be sentenced under the revised version of 21 U.S.C. § 841(b)(1)(b) for distribution and possession with intent to distribute more than 28 grams of cocaine base, which subjected him to a mandatory minimum sentence of 5 years and a maximum sentence of 40 years. Had the Court chosen to sentence defendant under the pre-Fair Sentencing Act laws, he would have been sentenced under the older version of 21 U.S.C. § 841(b)(1)(A) for distribution and possession with intent to distribute more than 50 grams of cocaine base, which would have subjected him to a mandatory minimum sentence of 10 years and a maximum sentence of life imprisonment. In turn, the Court's determination of the applicable statutory minimum and maximum affected—and reduced—the applicable Sentencing Guidelines range, under which defendant was ultimately sentenced as a career offender. In short, defendant was sentenced under the Fair Sentencing Act of 2010, and is therefore ineligible for relief under the First Step Act of 2018.

Defendant has also moved for the appointment of counsel to represent him in connection with his request for relief. He is not automatically eligible for such relief under the Criminal Justice Act, which entitles a defendant to representation from the initial appearance through appeal, including "ancillary matters appropriate to the proceedings." 18 U.S.C. § 3006A(c). Generally, a post-appeal motion to vacate a conviction or reduce a sentence does not qualify as an "ancillary matter" entitling the defendant to representation under the Act. *See, e.g.*, *Dirring v. United States*, 353 F.2d 519, 520 (1st Cir. 1965) (holding that "[a]fter final conviction the appointment of counsel must rest in the discretion of the court" and declining to appoint counsel to prosecute motion for new trial); *United States v. Reddick*, 53 F.3d 462, 465 (2nd Cir. 1995) (decision to appoint counsel to prosecute post-appeal motion for reduction of sentence seeking the benefit of subsequent changes in the Sentencing Guidelines is discretionary); *United States v.*

*Whitebird*, 55 F.3d 1007, 1010-11 (5th Cir. 1995) (same); *United States v. Webb*, 565 F.3d 789, 795 (11th Cir. 2009) (same); *United States v. Foster*, 706 F.3d 887, 888 (7th Cir. 2013) (same when defendant sought counsel for motion to reduce sentence following the Fair Sentencing Act).

In any event, under General Order 19-1, the Court appointed the Federal Public Defender for the District of Massachusetts to screen his petition and to take certain steps to ensure his representation by counsel should that office determine that he has a colorable claim for relief. (General Order 19-1, Standing Procedural Order Re: Appointment of Counsel and Motions for Relief Under the First Step Act, Dkt. No. 229). The Federal Public Defender has not chosen to represent defendant, and therefore has not determined that he has a colorable claim for relief. Furthermore, as noted, this Court has independently concluded that he is not eligible for relief. Accordingly, the Court declines to use its discretionary power to appoint counsel for defendant.

For the foregoing reasons, defendant's motion to reduce his sentence pursuant to the First Step Act of 2018 and to appoint counsel to assist in his petition is DENIED.

**So Ordered.**

/s/ F. Dennis Saylor IV
F. Dennis Saylor, IV
Dated: April 3, 2020　　　　　　　　　　　　Chief Judge, United States District Court